UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| ERIC A. LONGMIRE, | : | 05 Civ. 6725 (SHS) |
| | | ECF Case |
| Plaintiff, | : | |
| | | **ANSWER TO** |
| - against - | : | **AMENDED COMPLAINT** |
| | | |
| GUY P. WYSER-PRATTE and | : | |
| WYSER-PRATTE MANAGEMENT CO., INC., | | |
| | : | |
| Defendants. | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendants Guy P. Wyser-Pratte ("GWP") and Wyser-Pratte Management Co., Inc. ("WPMC"), by and through their undersigned attorneys, as and for their Answer to the Amended Complaint ("Complaint"), allege as follows:

## "JURISDICTION AND VENUE"

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 1, and aver upon information and belief that Plaintiff maintains a residence in Manhattan.

2.      Admit the allegation in Paragraph 2.

3.      Admit the allegations in Paragraph 3.

4.      Paragraph 4 calls for a legal conclusion to which no responsive pleading is required.

5.      Paragraph 5 calls for a legal conclusion to which no responsive pleading is required.

6.      Admit the allegations in Paragraph 6, except deny that the Charge was timely, in whole or in part.

7.      Admit the allegations in Paragraph 7.

31162612.DOC

8. Admit, upon information and belief, the allegations in Paragraph 8.

9. Admit the allegation in Paragraph 9 that the EEOC sent to Plaintiff a letter dated March 18, 2005, and otherwise refer to that letter for its content and meaning.

10. Admit the allegation in Paragraph 10 that the EEOC sent to Plaintiff a letter dated March 18, 2005, and otherwise refer to that letter for its content and meaning.

11. Admit, upon information and belief, the allegations in Paragraph 11 and otherwise refer to the letter of May 11, 2005 for its content and meaning.

## "NATURE OF ACTION"

12. Deny the allegations in Paragraph 12, except admit that defendant GWP is the President and owner of WPMC, and that plaintiff is a former employee of defendant WPMC.

13. Deny the allegations in Paragraph 13.

14. Deny the allegations in Paragraph 14.

15. Deny the allegations in Paragraph 15.

16. Deny the allegations in Paragraph 16.

17. Deny the allegations in Paragraph 17.

18. Deny the allegations in Paragraph 18.

## "FACTS"

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Deny, upon information and belief, the allegations in Paragraph 20.

21. Deny, upon information and belief, the allegations in Paragraph 21.

22. Deny, upon information and belief, the allegations in Paragraph 22.

23. Admit the allegations in Paragraph 23.

24. Deny, upon information and belief, the allegation in Paragraph 24.

25. Deny, upon information and belief, the allegations in Paragraph 25.

26. Defendant GWP admits the allegations in Paragraph 26. Defendant WPMC admits, upon information and belief, the allegations in Paragraph 26.

27. Defendant GWP denies the allegations in Paragraph 27. Defendant WPMC denies the allegations in Paragraph 27 upon information and belief.

28. Deny the allegations in Paragraph 28.

29. Defendant GWP denies the allegations in Paragraph 29. Defendant WPMC denies the allegation in Paragraph 29 upon information and belief.

30. Deny the allegations in the first sentence of Paragraph 30. Admit that the remainder of Paragraph 30 purports to quote a passage from GWP's deposition testimony in or about 1999.

31. Deny the allegations in Paragraph 31, except admit that on or about February 15, 1990, GWP opened WPMC, as an independent company involved in risk arbitrage, and Plaintiff was hired as Research Analyst.

32. Deny the allegations in Paragraph 32.

33. Deny the allegations in Paragraph 33.

34. Deny the allegations in Paragraph 34.

35. Deny the allegations in Paragraph 35.

36. Deny the allegations in Paragraph 36.

37. Deny the allegations in Paragraph 37.

38. Admit on information and belief that Paragraph 38 purports to quote a passage from Mac Kelly's deposition testimony in or about 1999.

39. Deny the allegations in Paragraph 39.

40. Deny the allegations in Paragraph 40.

41. Deny the allegations in Paragraph 41, except admit that Adam Treanor was hired as WPMC's Director of Research, and, upon information and belief, is a white male.

42. Admit, upon information and belief, the allegations in Paragraph 42.

43. Deny upon information and belief the allegations in Paragraph 43, except admit that Mr. Treanor worked for WPMC during the months of May of 2000 to August of 2000.

44. Deny the allegations in Paragraph 44.

45. Deny the allegations in Paragraph 45.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47. Deny the allegations in Paragraph 47.

48. Deny the allegations in Paragraph 48 upon information and belief, except deny the allegation that such comments and jokes were made in front of GWP.

49. Deny the allegations in Paragraph 49.

50. Deny the allegations in Paragraph 50.

51. Deny the allegations in Paragraph 51, except admit that plaintiff could complain to GWP.

52. Admit, upon information and belief, the allegations in Paragraph 52.

53. Deny the allegations in Paragraph 53.

54. Deny the allegations in Paragraph 54, except admit, upon information and belief, that Messrs. Kelly and O'Hara and Ms. Beggs each took time off for the purpose of a honeymoon.

55. Deny the allegations in Paragraph 55.

56. Deny the allegations in Paragraph 56, except admit that GWP did not send Plaintiff a wedding gift on his wedding day.

57. Deny, upon information and belief, the allegations in Paragraph 57.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, except admit upon information and belief that Mrs. Longmire is a doctor.

60. Deny the allegations in Paragraph 60, except admit that on or about December 27, 2002, Plaintiff placed a call to the defendants.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, except admit that Plaintiff arrived at work improperly dressed.

64. Deny the allegations in Paragraph 64.

65. Deny the allegations in Paragraph 65.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68. Deny the allegations in Paragraph 68.

69. Deny the allegations in Paragraph 69.

70. Deny the allegations in Paragraph 70, except aver that WPMC has allowed its employees adequate leave time when warranted and as required by law.

71. Admit, upon information and belief, the allegation in Paragraph 71.

72. Admit, upon information and belief, the allegations in Paragraph 72.

73. Admit the allegation in Paragraph 73.

74. Deny the allegations in the first sentence of Paragraph 74.  Admit, upon information and belief, the allegations in the second sentence of Paragraph 74.  Deny the allegations in the third sentence of Paragraph 74.

75. Deny the allegations in Paragraph 75.

76. Deny the allegations in Paragraph 76, except deny upon information and belief the alleged substance of a conversation between Plaintiff and Vivien Wyser-Pratte, and admit that Vivien Wyser-Pratte was an employee of WPMC.

77. Deny the allegations in Paragraph 77.

78. Deny the allegations in Paragraph 78, except deny upon information and belief the alleged substance of a conversation between Plaintiff and Vivien Wyser-Pratte.

79. Deny, upon information and belief, the allegations in Paragraph 79, except deny that Plaintiff worked at a low salary, and except admit that Plaintiff had investment decision-making responsibilities.

80. Admit, upon information and belief, that Paragraph 80 quotes from a Global Governance Partners LP's Offering Memorandum, and otherwise refer to that Memorandum for its content and meaning.

81. Deny the allegations in Paragraph 81, except deny upon information and belief the alleged substance of a conversation between Plaintiff and GWP's wife.

82. Deny the allegations in Paragraph 82, and aver that Messrs. Weiss and Armbruster were higher ranking and more qualified than plaintiff.

83. Deny the allegations in Paragraph 83, except admit that Mr. Wolfgang Armbruster had the title Research Analyst.

84. Deny the allegations in Paragraph 84.

85. Deny the allegations in Paragraph 85, except admit that Mr. Schacht was hired by WPMC as Chief Legal Officer.

86. Deny the allegations in Paragraph 86.

87. Deny the allegations in Paragraph 87, and aver that Plaintiff abandoned his job.

88. Deny the allegations in Paragraph 88, and further aver that Plaintiff's alleged mixed race was not a secret.

89. Deny the allegations in Paragraph 89.

90. Deny the allegations in Paragraph 90.

91. Deny the allegations in Paragraph 91.

92. Deny the allegations in Paragraph 92.

93. Deny the allegations in Paragraph 93.

94. Deny the allegations in Paragraph 94.

95. Deny the allegations in Paragraph 95.

96. Deny the allegations in the first sentence of Paragraph 96. Deny, upon information and belief, the allegations in the second sentence of Paragraph 96, except admit that GWP had retained Steven Cohen, Esq. on plaintiff's behalf.

97. Deny the allegation in Paragraph 97, except admit that GWP agreed to pay for Mr. Cohen's legal services.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100. Admit, upon information and belief, the allegations of Paragraph 100.

101. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101.

102. Deny the allegations in Paragraph 102.

103. GWP denies the allegations in Paragraph 103.  WPMC denies the allegations in Paragraph 103 upon information and belief.

104. Deny the allegations in Paragraph 104, except admit that Plaintiff and Defendants from time to time had a professional working relationship before Plaintiff abandoned his job.

105. Deny the allegations in Paragraph 105.

106. Deny the allegations in Paragraph 106, except admit that Plaintiff did not return to the office after leaving on or about January 22, 2004.

107. Deny the allegations in Paragraph 107, except admit that Plaintiff's presence in the office was not essential.

108. Admit, upon information and belief, the allegations in Paragraph 108.

109. Deny upon information and belief the allegations in Paragraph 109, except admit that WPMC ceased paying Plaintiff a salary because he abandoned his job.

110. Deny, upon information and belief, the allegations in Paragraph 110.

111. Deny, upon information and belief, the allegations in Paragraph 111, except admit upon information and belief that Mr. Cohen was advised that defendant had removed plaintiff from WPMC's payroll and medical plan, and aver that WPMC prepared to offer severance to plaintiff in exchange for the typical release of any claims.

112. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, except admit that Mr. Trennor had commenced working as WPMC's Director of Research on or about February 17, 2004.

113. Deny, upon information and belief, the allegation in the first sentence of Paragraph 113, except admit that Plaintiff refused the offer of severance. Deny knowledge or information sufficient to form a belief as to the allegation in the second sentence of Paragraph 113, except admit that in or about March of 2004, plaintiff received the equivalent of two regular salary payments, and his medical benefits.

114. Deny the allegations in Paragraph 114.

115. Deny the allegation in Paragraph 115, except admit that Plaintiff was removed from WPMC's payroll and aver that Plaintiff was offered COBRA medical coverage continuation benefits. Admit that on or about March 30, 2004, Plaintiff was permanently removed from WPMC's payroll.

116. Admit, upon information and belief, the allegations in Paragraph 116.

117. Deny the allegation in the first sentence of Paragraph 117. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence. Deny the allegations in the third sentence if Paragraph 117.

118. Admit the allegations in Paragraph 118.

119. Deny the allegations of the first sentence of Paragraph 119.  The second sentence of Paragraph 119 inappropriately comments on a confidential settlement discussion to which no responsive pleading is required.

120. Deny the allegations in Paragraph 120, and aver that Plaintiff's alleged mixed race was not a secret.

121. Deny the allegations in Paragraph 121.

122. Admit, upon information and belief, the allegation in Paragraph 122.

123. Deny, upon information and belief, the allegations in Paragraph 123.

124. Deny the allegations in Paragraph 124, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. Guillome had offered to help plaintiff find another job and had taken a copy of plaintiff's resume to send to his contacts.

125. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125.

126. Deny the allegations in Paragraph 126, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is in a cash-flow crisis.

127. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 127.  Deny the allegations in the second sentence of Paragraph 127, except admit that WPMC sent plaintiff paperwork on or about May 21, 2004.

### "AS AND FOR A FIRST CLAIM OF RELIEF FOR VIOLATION OF THE NEW YORK HUMAN RIGHTS LAW"

128. Repeat and reallege each and every admission, denial and response set forth in Paragraph 1 through 127 of the Answer to the Amended Complaint, and incorporate them herein by reference.

129. Paragraph 129 calls for a legal conclusion to which no responsive pleading is required.

130. Deny the allegations in Paragraph 130.

131. Deny the allegations in Paragraph 131.

132. Deny the allegations in Paragraph 132.

133. Deny the allegations in Paragraph 133.

134. Deny the allegations in Paragraph 134.

135. Deny the allegations in Paragraph 135.

## "AS AND FOR A SECOND CLAIM OF RELIEF FOR VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE"

136. Repeat and reallege each and every admission, denial and response set forth in Paragraph 1 through 135 of the Answer to the Amended Complaint, and incorporate them herein by reference.

137. Paragraph 137 calls for a legal conclusion to which no responsive pleading is required.

138. Deny the allegations in Paragraph 138.

139. Deny the allegations in Paragraph 139, and further aver that any emotional distress suffered by plaintiff has been self-inflicted.

140. Deny the allegations in Paragraph 140.

141. Deny the allegations in Paragraph 141.

142. Deny the allegations in Paragraph 142.

## "AS AND FOR A THIRD CLAIM OF RELIEF FOR VIOLATION OF 42 U.S.C. 5 1981"

143. Repeat and reallege each and every admission, denial and response set forth in Paragraph 1 through 142 of the Answer to the Amended Complaint, and incorporate them herein by reference.

144. Paragraph 144 calls for a legal conclusion to which no responsive pleading is required.

145. Deny the allegations in Paragraph 145.

146. Deny the allegations in Paragraph 146.

147. Deny the allegations in Paragraph 147.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

### Fourth Affirmative Defense

Plaintiff's claims for relief are barred, in whole or in part, by the equitable doctrine of unclean hands.

### **Fifth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

### **Sixth Affirmative Defense**

Plaintiff's employment was at-will.

### **Seventh Affirmative Defense**

Plaintiff may not request a jury trial in connection with equitable claims.

[NEXT PAGE]

WHEREFORE, Defendants respectfully request judgment against Plaintiff in Defendants' favor, together with an award of attorneys' fees, costs and disbursements, and such other relief as the Court deems just and proper.

Dated:  New York, New York
        October 17, 2005

        KAYE SCHOLER LLP

        By: /s/William C. Zifchak
            William C. Zifchak, Esq. (WCZ 0148)
            Margo Ferrandino, Esq.  (MF 0583)

        425 Park Avenue
        New York, New York 10022
        (2 12) 836-8000

        *Attorneys for Defendants*

TO:
Avi Lew, Esq.
Warshaw Burstein Cohen Schlesinger & Kuh, LLP
555 Fifth Avenue
New York, NY  10017
(212) 984-7700

Attorneys for Plaintiff,
Eric A. Longmire